IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK LUETJENS,

        Plaintiff,

v.                                                                          CIV 12-0587 KBM/WDS

THE STATE OF NEW MEXICO
CHILD SUPPORT ENFORCEMENT DIVISION,

        Defendant.

## MEMORANDUM OPINION & ORDER

      Plaintiff seeks compensatory damages against the State of New Mexico Child Enforcement Division under 42 U.S.C. § 1983, alleging that the garnishment amount assessed against him is erroneous and therefore violates due process. He maintains that allegation is sufficient to defeat Defendant's motion to dismiss where it asserts, among other reasons, this Court lacks jurisdiction under the *Rooker-Feldman* doctrine and domestic relations exception, and Plaintiff fails to state a claim because the Eleventh Amendment bars recovery of damages. *See Docs. 1, 5, 7.* Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 8, 9.*

      The Court finds each of the aforementioned reasons to be an independent and sufficient ground for dismissal, and incorporates herein by reference the reasons and authorities cited by Defendant. *See also, e.g., Schrader v. Richardson,* 461 F. App'x 657, 660 (2012) ("In enacting § 1983, Congress did not abrogate New Mexico's sovereign immunity, and there is no indication in the record that New Mexico consented to suit. Because the defense of sovereign immunity is jurisdictional in nature, the district court correctly concluded that it lacked subject matter

jurisdiction over Schrader's claim against the state of New Mexico."); *Jackson v. Peters,* 81 F. App'x 282, 285-28 (10th Cir. 2003) (affirming dismissal of § 1983 action that challenged garnishment as violating due process and equal protection as "illegal" and "excessive" for lack of jurisdiction under *Rooker-Feldman* because  "Mr. Jackson's claims regarding defective and unconstitutional procedures in the Colorado state court proceedings are inextricably intertwined with the state courts' judgments regarding Mr. Jackson's divorce and child support obligations. If Mr. Jackson wishes to pursue these claims, therefore, he must do so in the Colorado state courts, if the applicable statute of limitations permits, and, if unable to obtain relief there, he may seek review by the United States Supreme Court.").

Such dismissals for lack of subject matter jurisdiction are appropriately made without prejudice, but this dismissal definitively ends the federal matter.  *See, e.g., Wauford v. Richardson,* 450 F. App'x 698, 699 & n.1 (10th Cir. 2011) (Eleventh Amendment dismissal for lack without prejudice and estops Plaintiff from relitigating jurisdictional rulings); *Hepple v. New Mexico,* 434 F. App'x 771 (10th Cir. 2011) (*Rooker-Feldman* dismissal without prejudice).

Wherefore,

**IT IS HEREBY ORDERED THAT** Defendant's motion *(Doc. 5)* is granted and this action is dismissed without prejudice for lack of subject matter jurisdiction.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by consent.